## THE COLUMBIA DELAWARE BRIDGE COMPANY v. CHRISTIANA GEISSE ET AL.

1. The act of March 7th, 1839, authorizing damages to be appraised in behalf of owners of ferries who may be injured by the erection of a bridge over the river Delaware, at Columbia, to be paid by the corporation erecting said bridge, provides for a perpetual extinguishment of the rights of the ferry-owner, and the appraisement should include all prospective as well as present damage; and the oath of the appraisers, conforming to that view, was proper.
2. Evidence showing the value of the ferry, such as leases, books of receipts, &c., was rightfully received by the appraisers.

---

On *certiorari* to remove proceedings of appraisers of damage, &c., under the act of March 7th, 1839, entitled "An act to incorporate the Columbia Delaware Bridge Company."

Columbia Delaware Bridge Co. v. Geisse et al.

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE, and VAN SYCKEL.

For plaintiff, *J. G. Shipman.*

For defendant, *J. Vanatta.*

VAN SYCKEL, J.   By the writ in this case, the proceedings of three freeholders, appointed under an act passed March 7th, 1839, to appraise the damages sustained by the defendants on account of the loss of their ferry, are certified to this court for review.

The first reason relied upon for reversal is, that the oath taken by the appraisers was not in conformity with the act under which they were appointed.

The alleged infirmity in the affidavit is, that it required an assessment to be made of the damages not only that had been, but of those that would be sustained by the owners of the ferry.

Section fourteen of the act declares that the owners of any ferry injured by the erection of the bridge, shall be compensated for any damages they may thereby sustain, and forbids the taking of tolls by such ferry-owners after the completion of the bridge.

The act provides for a perpetual extinguishment of the ferry rights, and a total subtraction of future revenue therefrom, and contemplates an entire compensation at once, and not by repeated assessments.

The words "damages sustained by the owner," were held in *Van Schoick* v. *Del. & Rar. Canal Co., Spencer* 249, to comprehend prospective as well as past damages.

The second objection to the validity of the proceedings below is, that evidence was received by the appraisers. The evidence produced consisted of certain leases and books of account, showing the receipts of the ferry.

*Van Wickle* v. *Railroad Company,* 2 *Green* 162, is relied upon by the prosecutor, but the later case of *Coster* v. *New*

*Jersey Railroad*, 3 *Zab.* 227, and the same case in 4 *Zab.* 734, recognizes the right of the commissioners to seek such information as will enable them to form a correct judgment in the premises. If they were absolutely restricted to such knowledge as they could acquire from their own unaided view of the locality, their estimate would necessarily be based upon a very imperfect knowledge of facts.

How could the appraisers, in this case, have computed the value of the ferry without ascertaining, in some way other than by their own observation, the business it had been doing?

It does not appear that any erroneous principle governed the assessment, and the plaintiff has, therefore, mistaken his remedy; he must resort to the appeal given by the act of 1870. *Laws of* 1870, *p.* 493.

The *certiorari* should be dismissed, with costs.

Justices DALRIMPLE and DEPUE concurred.

AFFIRMED, 7 *Vr.* 537.
CITED *in Columbia Del. Bridge Co.* v. *Geisse*, 9 *Vr.* 40.